# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

DAVID MALCICH,           )
                                     )
          Plaintiff,        )
                                     )
          v.              )        No. 4:23-CV-1262 RLW
                                     )
YOUSSEF GROUP, LLC,      )
                                     )
          Defendant.     )

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Plaintiff's Motion for Default Judgment.  (ECF No. 9).  Plaintiff served Defendant with the complaint and summons on December 8, 2023.  (ECF No. 5).  Defendant has not answered or otherwise responded to the Complaint.  The Clerk of the Court entered default against Defendant on February 1, 2024.  (ECF No. 12).

### Background

This case arises under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA").  Plaintiff is an individual with disabilities as defined by the ADA.[1]  (ECF No. 1 at 2).  Plaintiff uses a wheelchair because he is substantially limited in his ability to walk and stand.  *Id.*  Defendant is the "owner, lessor, and/or operator/lessee of the real property and improvements that are the subject of this action, specifically the Shopping Center and Traditional 636 Restaurant and its attendant facilities, including vehicular parking and common exterior paths of travel within the Subject Property identified by the St. Charles County Assessor parcel identification number 3-003A-4377-00-0005.0000000."  *Id.* at 3.  Plaintiff asserts that his access to the Subject Property

---

[1] On a motion for default judgment, the Court must accept as true the facts alleged in the complaint. *See Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (defendant has no standing to contest factual allegations in complaint once clerk has entered default).

was "denied and/or limited" due to Defendant's failure to remove physical barriers and accommodate his disability.  *Id.*  Plaintiff seeks injunctive relief and attorney's fees.  (ECF No. 9).

### Default Judgment

"It is well established … that the entry of default by the Clerk does not entitle the non-defaulting party to a default judgment as a matter of right."  *United States v. $345,510.00 in U.S. Currency*, No. Civ. 01-497, 2002 WL 22040, at *2 (D. Minn. Jan. 2, 2002) (citations omitted). Default judgments are disfavored under the law.  *U.S. ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993).  Even so, the entry of a default judgment is committed to the sound discretion of the district court.  *Id.*

"[W]hen a default judgment is entered, facts alleged in the complaint may not be later contested."  *Marshall*, 616 F.3d at 852.  However, "it remains for the [district] court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."  *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (citation omitted).  There are several factors this Court may consider when evaluating Plaintiff's Motion for Default Judgment, including:

> [T]he amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt. Furthermore, the court may consider how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant.

*Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (quotation omitted).

Here, Plaintiff does not claim damages.  Plaintiff instead seeks an order requiring Defendant to bring its real property into compliance with the ADA.  (ECF No. 1).  Such relief serves the public interest and there is nothing in the record to suggest that Defendant's default is

attributable to a good-faith mistake or inexcusable neglect.  The grounds for default are not in doubt.  The Court will grant Plaintiff's motion as it relates to injunctive relief.

## Attorney's Fees

"The ADA gives a court discretionary authority to grant the prevailing party attorneys' fees." *Shrader v. OMC Aluminum Boat Grp., Inc.*, 128 F.3d 1218, 1220 (8th Cir. 1997) (citing 42 U.S.C. § 12205).  "A plaintiff prevails 'when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'"  *Id.*  (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)).  "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed," making a "good faith effort to exclude … hours that are excessive, redundant, or otherwise unnecessary[.]"  *Hensley v. Eckerhart*, 461 U.S. 424, 433-334 (1983).

Plaintiff has not submitted sufficient evidence to show that the requested hours and rates are reasonable.  The Court will therefore deny Plaintiff's motion as to attorney's fees. Plaintiff may refile his motion for attorney's fees, which shall include a verified, itemized billing statement.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment is **GRANTED** as to Plaintiff's claim for injunctive relief.  (ECF No. 9).

**IT IS FURTHER ORDERED** that within one hundred and eighty (180) days after entry of this memorandum and order, Youssef Group, LLC, shall come into compliance with the ADA, as delineated in Plaintiff's Complaint:

1. There are no designated accessible parking spaces present in the parking facility of the Subject Property in violation of Sections 4.1 and 4.6 of the 1991 ADA Accessibility Guidelines ("ADAAG") and Section 208 of the 2010 ADAAG; Defendant shall remove this barrier to access

3

and add designated accessible parking spaces at the location that comply with Sections 208.2, 208.2.4, and 208.3 of the 2010 ADAAG;

2.  There is no van-accessible parking present in the parking facility of the Subject Property in violation of Section 4.6 of the 1991 ADAAG and Section 502 of the 2010 ADAAG; Defendant shall remove this barrier to access and add van-accessible parking at the location that complies with Sections 502.1, 502.2, 502.3.1, 502.4, 502.5, 502.6, and 502.7 of the 2010 ADAAG;

3.  There is no van-accessible parking identified as such with upright "Van Accessible" signage in violation of Section 4.6 of the 1991 ADAAG and Sections 208, 302 and 502 of the 2010 ADAAG; Defendant shall remove this barrier to access and add upright "Van Accessible" signage at the location that identifies van-accessible parking in compliance with Sections 208, 302, and 502 of the 2010 ADAAG;

4.  The paint delineating the parking spaces closest to the entrance in not maintained so that it clearly marks the accessible parking location in violation of 28 CFR § 36.211, Section 4.6 of the 1991 ADAAG, and Section 502.3.3 of the 2010 ADAAG; Defendant shall remove this barrier to access and mark the parking spaces as necessary to comply with Section 502.3.3 of the 2010 ADAAG;

5.  The parking spaces on the shortest accessible route to the accessible entrance are not level and have areas of pitted and/or broken pavement in violation of 28 CFR § 36.211, Sections 4.5.1 and 4.6.3 of the 1991 ADAAG, and Sections 302 and 502.4 of the 2010 ADAAG; Defendant shall remove this barrier to access and level and repair the pavement of those parking spaces at this location to comply with Sections 302 and 502.4 of the 2010 ADAAG;

6.  The purported access aisle serving the accessible parking spaces is not level and has areas of uneven, broken, and cracked pavement in violation of 28 CFR § 36.211, Sections 4.5.1

4

and 4.6.3 of the 1991 ADAAG, and Sections 302 and 502.4 of the 2010 ADAAG; Defendant shall

remove this barrier to access and level and repair the pavement of this access aisle at this location

to comply with Sections 302 and 502.4 of the 2010 ADAAG;

7.   There is no curb ramp present along the route from the parking spaces to the entrance

of the Carniceria El Pueblito Convenience Store in violation of 28 CFR § 36.211 and Section 303.4

of the 2010 ADAAG; Defendant shall remove this barrier to access and install a curb ramp that

complies with Section 303.4 of the 2010 ADAAG;

8.   There is no accessible route from the parking facility to the Carniceria El Pueblito

Convenience Store entrance and from the parking lot to the storefront curb in violation of Section

4.3.2 of the 1991 ADAAG and Section 402.2 of the 2010 ADAAG; Defendant shall remove these

barriers to access and install an accessible route from the parking facility to the Convenience Store

entrance and from the parking lot to the storefront curb that complies with Section 402.2 of the

2010 ADAAG;

9.   The accessible men's restroom entrance door of the Traditional 636 Restaurant has a

coat hook which is not at the required height in violation of Section 4.13.9 of the 1991 ADAAG

and Sections 309.4, 404.2.7, and 604.8.2 of the 2010 ADAAG; Defendant shall remove this barrier

to access and install the coat hook at a height that complies with Sections 309.4, 404.2.7, and

604.8.2 of the 2010 ADAAG;

10.  The height of the paper towel dispenser in the men's restroom located in the Traditional

636 Restaurant is mounted too high to be accessed by a wheelchair user in violation of the

minimum reach range set forth in Section 4.2.5 and Figure 5 of the 1991 ADAAG and Section

308.2 of the 2010 ADAAG; Defendant shall remove this barrier to access and install the paper

towel dispenser at a height that complies with Section 308.2 of the 2010 ADAAG;

11. The height of the mirrors provided for public use in the restrooms of the Traditional 636 Restaurant is too high to be accessed by a wheelchair user in violation of Section 4.19.6 of the 1991 ADAAG and Sections 213.3 and 603.3 of the 2010 ADAAG; Defendant shall remove this barrier to access and install the mirrors provided for public use in the restrooms of the Restaurant at a height that complies with Sections 213.3 and 603.3 of the 2010 ADAAG;

12. The height of the sales counter in the Carniceria El Pueblito Convenience Store exceeds the maximum allowable height of 36 inches from the finish floor in violation of Section 7.2 of the 1991 ADAAG and Sections 227.3 and 904.4 of the 2010 ADAAG; Defendant shall remove this barrier to access and lower the sales counter in the Store to a height that complies with Sections 227.3 and 904.4 of the 2010 ADAAG;

13. The width of the route to the bathroom inside the Carniceria El Pueblito Convenience Store is too narrow and violates Section 4.3.3 of the 1991 ADAAG and Sections 403.5 and 403.5.1 of the 2010 ADAAG; Defendant shall remove this barrier to access and bring the width of the route to the bathroom into compliance with Sections 403.5 and 403.5.1 of the 2010 ADAAG;

14. The accessible restroom entrance door to the Carniceria El Pueblito Convenience Store has hardware that requires tight grasping, pinching, or twisting of the wrist to open/close in violation of Section 4.13.9 of the 1991 ADAAG and Sections 309.4 and 404.2.7 of the 2010 ADAAG; Defendant shall remove this barrier to access and bring the hardware of the accessible entrance door into compliance with Sections 309.4 and 404.2.7 of the 2010 ADAAG;

15. The accessible restroom entrance door to the Carniceria El Pueblito Convenience Store is missing a self-closing interior hinged door which requires use of pressure to open/close the restroom door in in violation of Section 4.13.9 of the 1991 ADAAG and Sections 309.4, 404.2.7, and 604.8.2 of the 2010 ADAAG; Defendant shall remove this barrier to access and make repair

to or supply hardware for the entrance door necessary to bring the entrance door into compliance with Sections 309.4, 404.2.7, and 604.8.2 of the 2010 ADAAG;

16.   The accessible toilet compartment entrance door in the restroom of the Carniceria El Pueblito Convenience Store violates Section 4.13 of the 1991 ADAAG and Sections 404.2 and 604.8.2 of the 2010 ADAAG because the door does not reach the minimum clear floor space for a forward approach; Defendant shall remove this barrier to access and bring the door into compliance with Sections 404.4 and 604.8.2 of the 2010 ADAAG;

17.   The restroom sink in the Carniceria El Pueblito Convenience Store does not have knee and toe clearance for equal access to wheelchair users in violation of Section 4.24 of the 1991 ADAAG and Sections 305, 306.2, 306.3. and 606 of the 2010 ADAAG; Defendant shall remove this barrier to access and bring the knee and toe clearance into compliance with Sections 305, 306.2, 306.3, and 606 of the 2010 ADAAG;

18.   The height of the mirrors provided for public use in the restrooms of the Carniceria El Pueblito Convenience Store is too high to be accessed by a wheelchair user in violation of Section 4.19.6 of the 1991 ADAAG and Sections 213.3 and 603.3 of the 2010 ADAAG; Defendant shall remove this barrier to access and install the mirrors provided for public use in the restrooms of the Restaurant at a height that complies with Sections 213.3 and 603.3 of the 2010 ADAAG;

19.   Insufficient space is provided in the designated accessible men's restroom toilet compartment in the Carniceria El Pueblito Convenience Store to maneuver a wheelchair into the position necessary to safely transfer to the toilet in violation of Section 4.17 of the 1991 ADAAG and Sections 603 and 604 of the 2010 ADAAG; Defendant shall remove this barrier to entry and provide in the designated accessible men's toilet compartment turning space to maneuver a

7

wheelchair into the position necessary to transfer to the toilet that complies with Sections 603 and 604 of the 2010 ADAAG;

20.    Grab bars are not installed in the designated accessible men's restroom toilet compartment in the Carniceria El Pueblito Convenience Store in violation of 28 CFR § 36.211, Sections 4.16.4, 4.26, and Figure 29 of the 1991 ADAAG, and Sections 604.5.2, 604.8, and 609.4 of the 2010 ADAAG; Defendant shall remove this barrier to access and install grab bars in the toilet compartment that comply with Sections 604.5.2, 604.8, and 609.4 of the 2010 ADAAG;

21.   The height of the sales counter in the Habibi Hookah Cafe exceeds the maximum allowable height of 36 inches from the finish floor in violation of Section 7.2 of the 1991 ADAAG and Sections 227.3 and 904.4 of the 2010 ADAAG; Defendant shall remove this barrier to access and lower the sales counter in the Cafe to a height that complies with Sections 227.3 and 904.4 of the 2010 ADAAG.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment is **DENIED** as to Plaintiff's request for attorney's fees.  (ECF No. 9).  Plaintiff may file a renewed motion for attorney's fees no later than March 15, 2024, which shall include a verified, itemized billing statement from counsel.


_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**


Dated this 20th day of February, 2024.

8